Nash, C. J.
 

 The indictment-"-is at common law, and is Tor a forcible entry and detainer. The verdict is a general one- of guilty. If the evidence fails to support either branch of the charge, there must be a
 
 venire de novo.
 
 We think the evidence does not support the charge of a forcible entry. ;-Everyfbrcible entry necessarily implies a breach of the peace, an indictable trespass. Both these parties, the prosecutor and the defendant, Ward, claim title to the
 
 locus in quo,
 
 which was an uninhabited island, neither being in the actual possession. The prosecutor
 
 *293
 
 bad been in the habit of using the island as a fishing ground, and for pasturing his cattle. At the time the defendant and his party entered, no person was'.on it but themselves, and after being there some time, the prosecutor went over and ordered them off. They refused to go, and announced their determination to retain-possession by force, if necessary. This..was- certainly sufficient evidence to support the charge of forcible detainer, if it be indictable at common law. Does it show a forcible-entry ? We think not. The defendant entered peaceably, committed no indictable trespass; and when one .makes a
 
 peaceable
 
 and lawful entry into land, no one being in the actual possession-, -he has a right to maintain that possession with force, if necessary; and the rightful owner has no right to take possession by force, but must resort to his ejectment,- or seek redress under the act against forcible entries and detainers. State v. Johnston, 1 Dev. and Rat. 325. Every forcible entry necessarily, as before stated, embraces a forcible trespass. Was there any such trespass here ? In the case State v. Walker, 10 Ired. 234, the Court decide, to make a forcible trespass indictable, some person must be in the house or on the premises. In Johnson’s case, the same doctrine is held as to the peaceable entry of the defendant. In the State v. McCauless, 9th Ire. 377, the Court say, “ the gist of a forcible trespass is a high-handed invasion of the
 
 actual possession
 
 of another, he being present.” Here the entry of the defendants was a peaceable one. His detainer was forcible and indictable, but cannot relate back to the entry. The verdict is a general one, finding the defendant guilty both of the forcible trespass, and the forcible detainer: and his Honor charged the jury, if they believed the evidence, the defendant was guilty of the forcible detainer. In this there is no error. The indictment here is to be considered -as if it contained two counts — one for a forcible entry, and'detainer,'and the other, for a forcible detainer. When that is the case, and one of the counts is good and the other bad, a .general verdict will be sustained, as having been given on the good count. But,
 
 *294
 
 where both counts are good, and the evidence supports but one, and there has been a general verdict of guilty, it is manifest that the verdict cannot stand, for the judge cannot know on which count to punish the defendant. For this error there must be a
 
 venire' de'-novo.'
 

 On the trial it was objected, that an indictment for a forcible detainer could not be sustained at common law. The question is not without its difficulties; and though we
 
 now
 
 give no opin- . ion on the question, we very strongly doubt if it can. The ■ doubt has several times been expressed in this Court. ■ • In Johnson’s case, ubi
 
 supra,
 
 p. 326, the Court say: “ If an indictment w31 lie .at common law for a forcible detainer, after a peaceable entry,” &c. But we refrain from going into the subject, as it is not
 
 necessary
 
 to a decision of the present question.
 

 Judgment reversed and a
 
 venire de novo. :