STATE OF NORTH CAROLINA v. WILLIE G. HARDING

No. 7423SC418

(Filed 5 June 1974)

1. **Assault and Battery § 15— instructions defining assault — failure to include "unlawful"**
     In a felonious assault prosecution, the trial court did not err in failing to include the term "unlawful" in its definition of assault.

2. **Assault and Battery § 15— failure to instruct on self-defense — denial of shooting**
     The trial court in a felonious assault prosecution did not err in failing to instruct on self-defense where defendant denied he shot the prosecuting witness.

APPEAL by defendant from Godwin, Judge, 28 January 1974 Session of Superior Court held in YADKIN County.

Defendant was charged in a bill of indictment, in regular form, with assault with a deadly weapon (a .22 calibre rifle) with the intent to kill and inflicting serious injury, a violation of G.S. 14-32(a). He entered a plea of not guilty, the jury returned a verdict of guilty of assault with a deadly weapon, and judgment was entered ordering defendant imprisoned for a term of two years.

*Attorney General Robert Morgan, by Associate Attorney Norman L. Sloan, for the State.*

*Lafayette Williams for defendant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to comply with G.S. 1-180 in its instructions to the jury. He contends that the court erred (1) in failing to include the term "unlawful" in its definition of assault, and (2) in failing to instruct on self-defense. Neither contention has merit.

[1]  The court did not err in failing to include the term "unlawful" or "unlawfully" in its definition of assault. Generally, an assault is defined as "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm." 1 Strong, N. C. Index 2d, Assault and Battery, § 4, page 297 as approved by *State v. Roberts,* 270 N.C. 655, 155 S.E. 2d 303 (1967). Upon a finding of these elements, an assault is determined to have occurred, and it is not required that the jury find that an assault is "unlawful."

[2]  We come now to defendant's contention that he was entitled to jury instructions on self-defense. The State's evidence, in pertinent part, tended to show: Defendant had been at a trailer occupied by Bobby Ray Anthony (Anthony), the victim. After dark defendant left and returned to his own home. Sometime later, Anthony, along with two others, decided to go to a store to buy cigarettes and stopped at defendant's home to inquire if he wanted anything from the store. Anthony and the other two got out of the car and started toward the steps when defendant appeared at the top of the steps with a rifle and a flashlight and ordered those approaching to stay back. Anthony, who was behind the others, then appeared from around the corner of the house and was shot by defendant.

As a witness for himself, defendant testified in pertinent part: He was in his home when he heard some people approach. He heard the people talking but he remained in his house. He heard a gun fire. Although he owned a rifle and had it with him at the time, he did not fire the rifle. He flatly denied shooting anyone.

By denying the shooting, defendant rendered it unnecessary for the court to instruct the jury on self-defense. In fact, instructions on self-defense would have been prejudicial to defendant as the court would have been suggesting, in effect, that defendant admits the shooting but contends it was justified. His defense was a denial of, not a justification for, the shooting.

No error.

Chief Judge BROCK and Judge CAMPBELL concur.