STATE OF NORTH CAROLINA v. RICKY DONALD THORNTON

No. 794SC501

(Filed 6 November 1979)

1. **Assault and Battery § 15.1; Weapons and Firearms § 3— assault by pointing pistol—intent to point pistol at third party**

    In a prosecution for assault by intentionally pointing a pistol at a named victim without legal justification or excuse in violation of G.S. 14-34, the trial court did not err in instructing the jury that if defendant intended to point the pistol at a third party but actually pointed it at the named victim, the legal effect would be the same as if defendant had intended to point the pistol at the named victim.

2. **Criminal Law § 142— split sentence—special probation—maximum active sentence**

    Where the maximum period of confinement for the offense for which defendant was convicted was six months, the maximum period which defendant could be required to serve actively under a sentence of special probation was one-fourth of the maximum sentence, or one and one-half months, and the trial court erred in ordering that defendant serve an active sentence of four months and that he be placed on special probation for two months. G.S. 15A-1351(a).

APPEAL by defendant from *Bruce, Judge.* Judgment entered 16 March 1979 in Superior Court, SAMPSON County. Heard in the Court of Appeals 16 October 1979.

Defendant was tried and convicted of the offense of assault on one David M. Aman by intentionally pointing a handgun at him without legal justification in violation of G.S. 14-34.

The State's evidence tended to show that: on 22 December 1978, defendant and his girlfriend, Cindy Herring, were fighting outside the American Legion Hut in Clinton; Truett Warren "interfered" in the fight; defendant would not let Warren go into the disco dance; Cindy Herring stated to Warren that defendant was going to kill him, and he had a gun; defendant and Warren started fighting; Cindy Herring broke up the fight; the Hut was well lighted and crowded with people; David Aman was working at the Hut on the night of these events; minutes later, defendant and Warren got into another fight in the Hut; defendant was knocked to the floor; he got up with a chrome-plated gun in his hand with a three- or four-inch barrel; defendant did not say anything, he waived the gun around at different people and pointed it at David Aman for three or four seconds from a distance of about four feet; Aman did not have a weapon and had not threatened defendant.

Defendant's evidence tended to show that: defendant was outside the Hut when Cindy Herring slapped him, because they had "split up"; defendant, his girlfriend, and Warren were struggling with each other; his girlfriend did not tell Warren that defendant had a gun; later inside the Hut, Warren and defendant started fighting; several boys rushed him, and he landed on the floor; when he got up with a silver-brown, brass type belt buckle in his hand, he did not have a gun in his possession; and defendant did not know David Aman.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Timothy W. Howard, for the defendant appellant.*

ERWIN, Judge.

[1] Defendant contends that the trial court committed error in its charge to the jury when it instructed as to intent as follows:

"I further instruct you that if you should find beyond a reasonable doubt that the defendant intended to point the pistol at some third party, that is not David Aman but some

other party who was in the American Legion Hut at the time of the fraycus (sic) but that he actually pointed it at David Aman then the legal effect would be the same as if the defendant had actualy intended to point the pistol at David Aman."

Defendant asserts in his brief:

"The evidence presented to the jury, absent the excepted instruction, could have led the jurors to determine that since the gun was used in self-defense against some third party, or parties, its use was not criminal and therefore any pointing of the gun at David Aman was purely accidental and not intentional."

We do not agree. The evidence does not present a reasonable inference of self-defense. Without such inference, defendant cannot contend that his act of pointing a gun on the occasion in question was justifiable on his part. *See State v. Dial,* 38 N.C. App. 529, 248 S.E. 2d 366 (1978). The record does not support defendant's contention that the jury could have found him legally justified in defending himself by the display and threatened use of a deadly weapon. Defendant's evidence is that he did not have a pistol or handgun on the occasion in question.

The rule is well established that a violation of G.S. 14-34 requires the intentional pointing of a gun without legal justification or excuse. *Lowe v. Dept. of Motor Vehicles,* 244 N.C. 353, 93 S.E. 2d 448 (1956); *State v. Adams,* 2 N.C. App. 282, 163 S.E. 2d 1 (1968). From our study of the charge contextually, we conclude that it presents the law fairly and clearly to the jury and is without prejudicial error. *State v. Tilley,* 292 N.C. 132, 232 S.E. 2d 433 (1977).

[2]   Defendant was sentenced by the trial court as follows:

"It is ADJUDGED that the defendant be imprisoned for the term of Six (6) Months in the North Carolina Department of Correction, pay a fine of $500, Cost of Court, Attorney Fees, of said sentence, the defendant shall now serve an active sentence of Four (4) Months and that the execution of the remaining Two Months of the sentence is suspended and the defendant is placed on Special Probation. Fine, Cost, and

Schofield v. Tea Co.

Attorney Fees are to be paid under the supervision of the Probation Officer and paid in full prior to the termination of probation. The Maximum sentence the defendant could receive is Six Months."

The authority of the trial court to impose split sentences is derived solely from statutory enactment. *See In re Powell*, 241 N.C. 288, 84 S.E. 2d 906 (1954).

G.S. 15A-1351(a) provides in part:

"[T]he total of all periods of confinement imposed as an incident of special probation, but not including an activated suspended sentence, may not exceed six months or one fourth the maximum penalty allowed by law for the offense, whichever is less, and no confinement other than an activated suspended sentence may be required beyond two years of conviction."

The maximum period of confinement for the offense which defendant was convicted is six months. The maximum period to be served actively under special probation would be one and one-half months, which is one-fourth of the maximum six-months' sentence. The sentence entered by the trial court is improper.

In the trial of defendant, we find no prejudicial error.

The sentence entered by the trial court is vacated, and this case is remanded for the entry of a proper sentence in keeping with this opinion.

Judges VAUGHN and HILL concur.