State v. Bates

---

STATE OF NORTH CAROLINA v. BOBBY BATES

No. 8322SC1225

(Filed 18 September 1984)

**1. Robbery § 4.2— intent to deprive owner of property—sufficiency of evidence**

In a prosecution for common law robbery, there was no merit to defendant's contention that the evidence failed to reveal the requisite felonious intent at the time the taking occurred to deprive the owner permanently of his property, since the evidence showed that defendant and his father became involved in an argument with the victim who went into his house to get a rifle; defendant and his father followed the victim; defendant knocked the rifle out of the victim's hands and began beating him around the head with a spindle; defendant's father then picked up the rifle; and defendant and his father left with the rifle and did not return it.

**2. Robbery § 1; Trespass § 12— common law robbery—forcible trespass not lesser offense**

Forcible trespass to real property under G.S. 14-126 is not a lesser included offense of common law robbery, and the trial court did not err in denying defendant's request for an instruction thereon.

**3. Criminal Law § 123— order of charges on verdict form—no prejudice**

Defendant was not prejudiced by the order of the charges on the verdict form where the form began with the most serious charge and listed alternative verdicts in descending order of severity.

APPEAL by defendant from *Morgan, Judge.* Judgment entered 14 July 1983 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 23 August 1984.

Defendant appeals from a judgment of imprisonment entered upon his conviction for common law robbery.

*Attorney General Edmisten, by Assistant Attorney General James Peeler Smith, for the State.*

*Klass, Lohr, Philpott & Curry, by Philip B. Lohr, for defendant appellant.*

WHICHARD, Judge.

The State's evidence tended to show that defendant and his father, a codefendant, drove to the house of the victim to discuss personal grievances. An argument ensued, and the victim retreated into his house to get a rifle. Defendant and his father followed the victim into the house. Defendant knocked the rifle out of the victim's hands and began beating him around the head with a spindle. Defendant's father then picked up the rifle. Defendant and his father left with the rifle and did not return it.

[1] Defendant contends the court erred in denying his motions to dismiss and to set aside the verdict as against the greater weight of the evidence. He argues that the evidence fails to reveal the requisite felonious intent at the time the taking occurred to deprive the owner permanently of his property, citing *State v. Richardson*, 308 N.C. 470, 474, 302 S.E. 2d 799, 802 (1983), where the Court stated: "It is well settled law that the defendant must have intended to permanently deprive the owner of his property *at the time the taking occurred* to be guilty of the offense of robbery." (Emphasis in original; citations omitted.)

No direct evidence established defendant's intent at the time of the taking to deprive the victim of his rifle permanently, and it is reasonable to infer that defendant did not have such intent at that time. However, "[i]ntent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell*, 285 N.C. 746, 750, 208 S.E. 2d 506, 508 (1974). The evidence showed that defendant and his father took the rifle by force, departed from the victim's premises with it in their possession, and never returned it. In passing on defendant's motions the court had to consider this evidence in the light most favorable to the State, giving the State the benefit of *every* reasonable inference to be drawn therefrom. *Bell, supra*. So considered, this evidence permitted, but did not compel, the reasonable inference that defendant and his father intended at the time of the taking to deprive the victim of his rifle permanently. "It was for the jury to determine, under all the circumstances, defendant's ulterior criminal intent." *Id.* The court thus properly denied defendant's motions.

[2]  Defendant contends the court erred in denying his motion "to submit the offense of forcible trespass (N.C.G.S. 14-126) to the jury." It appears from the narration of the trial proceedings in the record that defendant requested an instruction on forcible trespass to real property under G.S. 14-126 as a lesser included offense of common law robbery.

A lesser included offense must contain some of the elements of the greater offense, but cannot contain an element different from the greater offense. *State v. Weaver*, 306 N.C. 629, 635, 295 S.E. 2d 375, 379 (1982). Common law robbery is " 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation.' " *State v. Lundsford*, 229 N.C. 229, 231, 49 S.E. 2d 410, 412 (1948). G.S. 14-126, the statute on forcible trespass to real property, contains the different element of "entry into . . . lands and tenements." The statutory offense of forcible trespass to real property therefore cannot be a lesser included offense of common law robbery. Similarly, common law forcible trespass to real property by definition requires an unlawful invasion of or threat to premises possessed by another, and thus involves an element separate and distinct from those of common law robbery. *See, e.g., State v. Ward*, 46 N.C. 290 (1854); *see*

*generally* Sharpe, *Forcible Trespass to Real Property*, 39 N.C.L. Rev. 121 (1961). The court thus properly declined to instruct on forcible trespass under G.S. 14-126.

Arguably, the court should have instructed on the common law misdemeanor of forcible trespass to personal property as a lesser included offense of common law robbery. *See, e.g., State v. Sowls*, 61 N.C. 151 (1867); *State v. Pearman*, 61 N.C. 371 (1867). *See generally* Sharpe, *Forcible Trespass to Personal Property*, 40 N.C.L. Rev. 252 (1962). Defendant's request for instructions appears, however, to have related only to the statutory offense of forcible trespass to real property established by G.S. 14-126. He did not request an instruction on forcible trespass to personalty or object to the failure to instruct thereon. He thus is precluded from assigning that omission as error. N.C. R. App. P. 10(b)(2).

[3]   Defendant contends he was prejudiced by the order of the charges on the verdict form. The form began with the most serious charge and listed alternative verdicts in descending order of severity, contrary to defendant's request that the possible verdicts be listed in the opposite order. Defendant cites no authority in support of this contention and we know of none. This Court has previously rejected a similar argument. *See State v. Wall*, 9 N.C. App. 22, 24, 175 S.E. 2d 310, 311 (1970).

No error.

Judges ARNOLD and EAGLES concur.