STATE OF NORTH CAROLINA v. BOBBY BATES

No. 631PA84

(Filed 4 June 1985)

**Robbery § 4.2— common law robbery—evidence sufficient**
    Defendant's motions to dismiss a charge of common law robbery and to set aside the verdict were properly denied where the evidence at trial tended to show that defendant rang the doorbell of Marty and Ravonda Hedrick at about 7:00 p.m. on 4 March 1983; defendant told Mr. Hedrick that he had something for Mr. Hedrick to see at the back of the house; Mr. Hedrick went through the house to the sun deck at the rear of the house; defendant's father came around the corner of the house and they both began to curse Mr. Hedrick and accuse him of spinning the wheels of his jeep in defendant's father's yard; Mr. Hedrick retreated into his house, pursued by defendant and his father; Mr. Hedrick got his .22-caliber rifle and ordered defendant and his father to leave; defendant knocked the rifle out of Mr. Hedrick's hands; defendant's father picked up the rifle and threatened to kill Mrs. Hedrick if she called the law; defendant grabbed a spindle from a bannister and beat Mr. Hedrick about the head; Mr. Hedrick blacked out, and defendant and his father started to leave; and defendant's father gave defendant the gun as they were leaving and defendant threw it into the back seat of his car, saying "Daddy, he won't shoot us now." G.S. 15A-1414(b)(2) (1983).

    Justice VAUGHN did not participate in the decision of this case.

    Justice EXUM dissenting.

    ON defendant's petition for discretionary review of the decision of the Court of Appeals reported at 70 N.C. App. 477, 319 S.E. 2d 683 (1984), finding no error in the judgment entered by *Morgan, J.*, at the 11 July 1983 session of Superior Court, DAVIDSON County. Heard in the Supreme Court 14 May 1985.

    *Lacy H. Thornburg, Attorney General, by James Peeler Smith, Assistant Attorney General, for the State.*

    *Philip B. Lohr for defendant.*

MARTIN, Justice.

The sole issue before this Court is whether the Court of Appeals properly held that the trial court did not err by denying defendant's motions to dismiss the charge against him at the close of the state's evidence and at the close of all the evidence. We hold that the Court of Appeals did not err and that judgment was properly entered against defendant by the trial court.

A defendant's motion for dismissal for insufficiency of the evidence in a criminal case raises the question of whether there is substantial evidence of each essential element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982). In determining this issue the court must consider the evidence in the light most favorable to the state, and the state is entitled to every reasonable inference to be drawn therefrom. *Id.; State v. McKinney*, 288 N.C. 113, 215 S.E. 2d 578 (1975). If there is substantial evidence — whether direct, circumstantial, or both — to support a finding that the offense charged has been committed and that the defendant committed it, a case for the jury is made and a motion to dismiss should be denied. *E.g., State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980).

In the present case defendant was charged by an indictment proper in form with common law robbery. As this Court stated in *State v. Black*, 286 N.C. 191, 193, 209 S.E. 2d 458, 460 (1974), "[r]obbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." Defendant contends that because there was insufficient evidence of a felonious taking or a taking with violence, the trial court erroneously denied his motions to dismiss. The felonious taking element of common law robbery requires "a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker." *State v. Lawrence*, 262 N.C. 162, 168, 136 S.E. 2d 595, 599-600 (1964).

Taken in the light most favorable to the state, the evidence at trial tended to show that on the evening of 4 March 1983 Marty and Ravonda Hedrick and their two children were at home in Davidson County. About 7:00 p.m. defendant, Bobby Bates, rang the doorbell of the Hedrick house, and Mr. Hedrick went to the door. Mr. Hedrick did not recognize the defendant, who asked him to come around to the back of the house because, defendant said, he had something for Mr. Hedrick to see. Mr. Hedrick complied and went through the house to the sun deck on the back of the house. As he did so defendant's father, Howard Bates, came around the corner of the house. Howard and Bobby Bates then began to curse Mr. Hedrick and accused him of spinning the wheels of his jeep in Howard Bates's yard. Mr. Hedrick then told the Bateses he wanted no trouble and began to retreat up the steps into his house, but defendant and his father pursued him into the house. Mr. Hedrick went up the stairs into his bedroom, got his .22-caliber rifle, returned to the kitchen, and ordered defendant and his father to leave. About this time defendant knocked the rifle out of Mr. Hedrick's hands and struck him. The rifle fired, and the bullet went through the kitchen counter top. Howard Bates picked up the rifle and pointed it at Mrs. Hedrick. Mr. Hedrick asked his wife to call "the law," but defendant's father repeatedly threatened to kill her if she did so. From the blow struck by defendant, Mr. Hedrick fell about ten feet down some stairs, against a bannister. Defendant grabbed a spindle from the bannister and beat Mr. Hedrick about the head. Mr. Hedrick blacked out. Defendant then started to leave the house. His father, taking the rifle with him, followed shortly. Defendant's father testified that he gave defendant the gun as they were leaving the house. As defendant and his father got into defendant's car, defendant threw the rifle into the back seat. According to defendant's father, defendant then stated, "Daddy, he won't shoot us now." Defendant and his father then drove away. The rifle was never returned. The sheriff's department was then called, and Mr. Hedrick was taken to the emergency room for treatment.

We hold that the trial court properly denied defendant's motions to dismiss the charge against him. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649. Our holding is also in accord with the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed. 2d 560, *reh'g denied*, 444 U.S. 890 (1979) (dismissal allowed only if

no rational trier of fact could have found proof of guilt beyond a reasonable doubt).

Defendant also argues that the trial court erred by denying his motion to set aside the jury verdict as being contrary to the weight of the evidence. N.C. Gen. Stat. § 15A-1414(b)(2) (1983). "Such a motion is addressed to the sound discretion of the trial court and is not reviewable in the absence of manifest abuse of discretion." *State v. Whitley*, 311 N.C. 656, 666, 319 S.E. 2d 584, 591 (1984). *Accord, State v. Jones*, 310 N.C. 716, 314 S.E. 2d 529 (1984); *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). Defendant has failed to come forward with any showing that the trial court abused its discretion. Accordingly, this assignment of error is meritless.

The decision of the Court of Appeals is

Affirmed.

Justice VAUGHN did not participate in the decision of this case.

Justice EXUM dissenting.

Defendant Bobby Bates and his father, Howard Bates, were tried jointly at the 11 July 1983 Session of Davidson County Superior Court. They were convicted of common law robbery and sentenced to terms of imprisonment. On separate appeals to the Court of Appeals, one panel of that court concluded on Howard Bates' appeal that the evidence was insufficient to be submitted to the jury. The opinion in that case is unpublished. See *State v. Howard Bates*, No. 621PA84, filed 4 June 1985, 313 N.C. 591, 330 S.E. 2d 204 (1985). Another panel of the Court of Appeals determined in Bobby Bates' appeal that the evidence was sufficient. *State v. Bobby Bates*, 70 N.C. App. 477, 319 S.E. 2d 683 (1983).

I agree with the panel of the Court of Appeals which determined that the evidence of common law robbery is insufficient to be submitted to the jury.

The evidence against both defendants is succinctly summarized by Judge Whichard, who wrote for the Court of Appeals in Bobby Bates' appeal:

The State's evidence tended to show that defendant and his father, a codefendant, drove to the house of the victim to discuss personal grievances. An argument ensued, and the victim retreated into his house to get a rifle. Defendant and his father followed the victim into the house. Defendant knocked the rifle out of the victim's hands and began beating him around the head with a spindle. Defendant's father then picked up the rifle. Defendant and his father left with the rifle and did not return it.

The evidence is also correctly summarized, in somewhat more detail, by Judge Becton, writing for the Court of Appeals in Howard Bates' appeal:

About 7:00 on 4 March 1983, the defendant, Howard Bates, and his son, Bobby Bates, went to the home of Marty Hedrick in Lexington. Bobby Bates rang the doorbell, and, when Marty Hedrick came out of the house to talk to the Bates, an argument ensued concerning Marty Hedricks' alleged action in spinning tires, causing damage to the Bates' yard. Bobby Bates made threats to Marty Hedrick, and a scuffle ensued. Hedrick ran into his house and got a .22 automatic rifle. When Hedrick came back to the kitchen area, Howard and Bobby Bates were present in the kitchen. When another argument started, Hedrick pointed the gun at Bobby Bates. During the argument, Bobby Bates was able to strike the gun Hedrick was holding, causing it to discharge, and he also was able to strike Hedrick, causing him to fall through a nearby bannister into a lower level of the house. Bobby Bates went down the steps to the place where Hedrick had landed and hit Hedrick several times. Howard Bates, meanwhile, picked up the rifle that was lying on the kitchen floor. When Mrs. Hedrick attempted to telephone for help, Howard Bates threatened her with the rifle. Bobby Bates then came up the steps and went out the back door. He was later followed by Howard Bates, who left carrying the rifle.

During the time the father and son were in the Hedrick home, neither of them mentioned anything about stealing any item, including the rifle. Bobby contended that he hit Hedrick in order to protect himself; Howard contended that he took the rifle when he left the Hedrick home so as to prevent

Hedrick from gaining access to the rifle, and thereby endangering his own life and his son's life.

Specifically on the question of defendants' intent with regard to the rifle, state's witnesses Marty and Revonda Hedrick testified as follows:

MARTY HEDRICK:

Q. Did Bobby Bates say anything about stealing anything from you?

A. That he was going to steal anything from me?

Q. Yes, sir.

A. No.

REVONDA HEDRICK:

Q. Did anybody, either Bobby or Howard, any time say they were coming there to steal anything?

A. No.

Howard Bates testified in his defense as follows:

Q. Why did you take the gun?

A. To keep from getting shot with it; so I could get away from there, he had done fired one shot.

In considering a motion to dismiss for insufficiency of evidence, it is true that the evidence is to be considered in the light most favorable to the state. It is also well established that defendant's evidence, which does not contradict or conflict with the state's evidence and which tends to explain, or even rebut inferences of guilt in, the state's evidence, must be considered:

> We have consistently held that on a motion to dismiss, the court must consider the defendant's evidence which explains or clarifies that offered by the State. *State v. Blizzard*, 280 N.C. 11, 184 S.E. 2d 851 (1971); *State v. Bruton*, 264 N.C. 488, 142 S.E. 2d 169 (1965). The court must also consider the defendant's evidence which rebuts the inference of guilt when it is not inconsistent with the State's evidence. *State v. Bruton, supra.*

*State v. Bates*, 309 N.C. 528, 535, 308 S.E. 2d 258, 262-63 (1983).

Further, "[i]t is well settled law that the defendant must have intended to permanently deprive the owner of his property *at the time the taking occurred* to be guilty of the offense of robbery." *State v. Richardson*, 308 N.C. 470, 474, 302 S.E. 2d 799, 802 (1983). It is not enough to convict of robbery that the felonious intent to steal was formed after defendant obtained possession of the victim's property. *Id.*

When the state's evidence and the defendants' evidence which does not conflict with, and tends to explain and rebut any inference of guilt contained in, the state's evidence is considered together, as it must be, I am satisfied that the evidence is insufficient to show defendants intended to steal the rifle when they took it. All the evidence, both that for the state and defendant, shows only that when Bobby Bates deprived Marty Hedrick of possession of the rifle, he did so not with an intent to steal it, but to defend himself against its use. He simply knocked the rifle out of Hedrick's hand onto the floor. Likewise when Howard Bates picked up the rifle from the floor and took it with him, he did so not for the purpose of stealing it but, as he said, "to keep from getting shot with it . . . ." There is no evidence to the contrary.

Nothing I say here is intended to condone everything the Bates did on this occasion. Indeed, they may be guilty of the crime of trespass or assault with a deadly weapon, or both. I am satisfied, however, that the evidence falls far short of raising a jury question on their guilt of common law robbery.