STATE v. GULLIE

[96 N.C. App. 366 (1989)]

STATE OF NORTH CAROLINA v. ELTON GULLIE

No. 8910SC383

(Filed 21 November 1989)

1. **Assault and Battery § 15 (NCI3d)— assault by pointing a gun—instructions—without legal justification omitted from statement of charge—no error**

The trial court did not err in a prosecution for assault by pointing a gun by omitting "without legal justification" from its statement to the jury of the charge against defendant and from its jury instructions. Although the courts have stated that the provisions of N.C.G.S. § 14-34 are subject to the qualification that the pointing of a gun must be intentional and without legal justification, the absence of legal justification is not an element of the offense to be proved by the State; rather, the presence of legal justification is a defense which must arise upon the evidence. Defendant here presented no evidence sufficient to invoke self-defense; his case was grounded entirely on his denial that he had a gun in his possession during the confrontation.

**Am Jur 2d, Assault and Battery §§ 48, 69, 107.**

**2. Assault and Battery § 14 (NCI3d) — assault by pointing a gun — evidence sufficient**

The trial court did not err in a prosecution for assault by pointing a gun by denying defendant's motion to dismiss for insufficient evidence.

**Am Jur 2d, Assault and Battery §§ 48, 69, 107.**

APPEAL by defendant from *Hudson, Orlando F., Judge.* Judgment entered 5 January 1989 in WAKE County Superior Court. Heard in the Court of Appeals 17 October 1989.

Defendant was charged by criminal summons with assault by pointing a gun in violation of G.S § 14-34. Following his conviction in District Court, defendant appealed for a trial *de novo* in Superior Court. At trial, the evidence tended to establish that Robert Defibaugh, the prosecuting witness, was a tenant of defendant. On 15 May 1988, a dispute arose over a security deposit. The prosecuting witness angrily approached defendant at defendant's residence. Defendant stood in the doorway while the prosecuting witness remained outside, some eight feet away. As words were exchanged, defendant came closer to the prosecuting witness, pulled a nickel-plated .22 caliber revolver from the right pocket of his jacket, pointed it at the prosecuting witness, and uttered a profane threat to shoot the prosecuting witness.

In his defense, defendant presented testimony that he had no gun in his possession during the incident. Defendant's motion to dismiss for insufficiency of evidence and request for a jury instruction on self-defense were both denied. The jury returned a verdict of guilty, and the court imposed a sentence of thirty days' imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Barbara A. Shaw, for the State.*

*Dan Lynn for defendant-appellant.*

WELLS, Judge.

[1] Four of the five assignments of error which defendant has brought forward, in fact, present but a single issue, namely, whether the court erred in omitting the language "without legal justification" from its statement to the jury of the charge against defendant

and its jury instructions. In the factual context of this case, the relevant legal justification is self-defense. We therefore consider these four assignments of error together.

Defendant was charged with violating G.S. § 14-34. That statute provides in pertinent part:

If any person shall point any gun or pistol at any person, either in fun or otherwise, whether such gun or pistol be loaded or not loaded, he shall be guilty of an assault[.]

Our courts have stated that the provisions of G.S. § 14-34 are subject to the qualification that for a violation of the statute to occur, the pointing of a gun must be intentional and without legal justification. *See State v. Adams*, 2 N.C. App. 282, 163 S.E.2d 1 (1968), and *State v. Thornton*, 43 N.C. App. 564, 259 S.E.2d 381 (1979), both of which rely on *Lowe v. Dept. of Motor Vehicles*, 244 N.C. 353, 93 S.E.2d 448 (1956). We agree with this interpretation of this statute. We note, however, that these cases also clearly stand for the principle that the absence of legal justification is not an element of the offense to be established by the State; rather, the presence of legal justification is a defense which must arise upon the evidence.

The "legal justification" relied on by defendant in this case is self-defense. It is well established that to be entitled to an instruction on self-defense, a defendant must have presented evidence sufficient to invoke the benefit of that doctrine. *State v. Brewer*, 89 N.C. App. 431, 366 S.E.2d 580, *cert. denied*, 322 N.C. 482, 370 S.E.2d 229 (1988) (and cases cited therein). The record, however, reveals that defendant presented no such evidence. Rather, defendant's case was entirely grounded upon his denial that he had a gun in his possession during the confrontation. This defense obviated the necessity for the court to instruct the jury on the issue of legal justification, i.e., self-defense. *Brewer, supra. See also State v. Harding*, 22 N.C. App. 66, 205 S.E.2d 544, *cert. denied*, 285 N.C. 665, 207 S.E.2d 759 (1974) ("By denying the shooting, defendant rendered it unnecessary for the court to instruct the jury on self-defense."). These four assignments of error are therefore overruled.

[2] By his remaining assignment of error, defendant challenges the court's denial of his motion to dismiss. A motion to dismiss for insufficiency of evidence raises the question of whether there

is substantial evidence to support each essential element of the crime charged and of defendant's being the perpetrator. In resolving this question, we must consider the evidence in the light most favorable to the State. *State v. Bates*, 313 N.C. 580, 330 S.E.2d 200 (1985). The State is also entitled to all reasonable inferences to be drawn from the evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence supports a finding that the crime was committed, and that defendant is the criminal agent, the case must be submitted to the jury. *Id.* The evidence need not exclude every reasonable hypothesis of innocence in order to support the denial of a defendant's motion to dismiss. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). Measuring the State's evidence against these standards, we conclude that the issue of defendant's guilt was properly submitted to the jury in this case. This assignment of error is overruled.

No error.

Judges JOHNSON and ORR concur.