STATE OF NORTH CAROLINA v. ALBERT LEE STEVENSON, JR.

No. COA98-1351

(Filed 30 December 1999)

**1. Appeal and Error— preservation of issues—failure to object at trial**

Although defendant contends the trial court committed reversible error in convicting him for robbery with a dangerous weapon and of being a habitual felon by allowing an officer to testify at trial that he had previously heard a broadcast for defendant's type of vehicle in reference to two armed robberies that had occurred that day and that the house where defendant was going was a drug house, defendant did not preserve this issue under N.C. R. App. P. 10(b)(1) because he failed to object at trial. Even if this issue was properly preserved, any alleged error was properly cured by the trial court's instruction to the jury that the testimony was received for the limited purpose of explaining what the officer did on the occasion and his subsequent conduct.

**2. Evidence— "drug use" reputation of a place—relevant to show motive**

Even though this case does not involve a drug charge, the trial court did not err in convicting defendant for robbery with a dangerous weapon and of being a violent habitual felon by allowing the officer to testify that he had training in the investigation of drug offenses, had dealt with occupants of the house in question when investigating drug offenses, and had arrested folks that resided in the house for drug offenses, because this evidence was relevant to show defendant's motive to commit the robbery in order to get money to buy drugs. Even if the evidence was irrelevant to show motive, defendant has failed to show a reasonable probability that a different result would have been reached at trial if this testimony had not been admitted in light of the abundant evidence presented indicating his guilt.

**3. Evidence— crack pipe, wallet, and identification cards— motive—identity—chain of custody**

The trial court did not err in convicting defendant for robbery with a dangerous weapon and of being a violent habitual felon by admitting into evidence a crack pipe, a wallet, and identification cards that were all found in the white Cadillac defendant had been driving just prior to his arrest because: (1) the possession of

a crack pipe coincides with the State's motive theory under N.C. R. Evid. 404(b) that defendant robbed the victim in order to obtain money for drugs; (2) the wallet and identification cards are relevant to identify defendant under N.C. R. Evid. 404(b) as the owner and/or person in control of the vehicle where these items were found; (3) admission of actual evidence is in the trial court's discretion, and any weak links in a chain of custody relate only to the weight to be given the evidence and not its admissibility; and (4) defendant failed to argue, and therefore has not shown, that the probative value of the evidence outweighed its prejudice to defendant.

**4. Robbery— armed—dangerous weapon—sufficiency of evidence**

The trial court did not err in convicting defendant for robbery with a dangerous weapon and of being a violent habitual felon by refusing to dismiss the charges of armed robbery at the end of the State's evidence and at the end of all the evidence because viewing the evidence in the light most favorable to the State, the victim's testimony (that defendant approached her while holding a metal object towards her, that he demanded all the money in the store's cash register, and that she feared for her life and worried that defendant may kill her during the robbery) provides substantial evidence as to the element of a dangerous weapon being employed in a robbery whereby the life of the victim was endangered or threatened.

**5. Appeal and Error— preservation of issues—failure to cite authority—failure to indicate prejudicial error**

Although defendant claims the trial court erred in convicting him for robbery with a dangerous weapon and of being a habitual felon by admitting into evidence a certified copy of a 1973 plea to second-degree murder, defendant has failed to preserve this issue because he has not cited any authority as required by N.C. R. App. P. 28(b)(5) and he has failed to indicate any prejudicial error.

**6. Appeal and Error— preservation of issues—failure to argue assignment of error**

Although defendant claims the trial court erred in convicting him for robbery with a dangerous weapon and of being a violent habitual felon by admitting into evidence a certified true copy of a record of defendant's conviction in California for assault with intent to commit oral copulation, defendant failed to argue this assignment of error, and therefore, it is deemed abandoned.

**7. Sentencing— habitual felon—attempt—substantially equivalent offense**

The trial court did not err in defendant's convictions for robbery with a dangerous weapon and of being a violent habitual felon by ruling as a matter of law that defendant's prior conviction for assault with intent to commit oral copulation from California is a substantially equivalent offense to that of a Class A through E felony, making it a violent felony under N.C.G.S. § 14-7.7(b), even though defendant was only convicted of attempting to commit a felony.

**8. Appeal and Error— preservation of issues—failure to argue assignment of error**

Although defendant claims the trial court erred in convicting him for robbery with a dangerous weapon and of being a violent habitual felon by ruling the State must prove beyond a reasonable doubt that defendant was convicted of second-degree murder in Rowan County Superior Court and defendant pled guilty to the violent felony of assault with intent to commit a felony in California, defendant failed to argue this assignment of error, and therefore, it is deemed abandoned.

**9. Sentencing— habitual felon—sufficiency of evidence**

Although defendant claims the trial court erred in convicting him of robbery with a dangerous weapon and of being a violent habitual felon by ruling there is no additional requirement that the State prove his 1992 conviction for assault with intent to commit a felony was a violent felony and by ruling as a matter of law that said felony was a violent felony, the Court of Appeals did not need to reach this assignment of error in light of its holding that the trial court did not err in ruling as a matter of law that defendant's 1992 conviction in California was a violent felony.

**10. Constitutional Law— double jeopardy—punishment for a violent habitual felon**

The trial court did not err in convicting defendant for robbery with a dangerous weapon and of being a violent habitual felon by ruling as a matter of law that the punishment for a violent habitual felon under N.C.G.S. §§ 14-7.7 through 14-7.12 is not double jeopardy because our Supreme Court has addressed this issue and ruled that our legislature has acted within constitutionally permissible bounds in enacting legislation designed to identify habitual criminals and to authorize enhanced punishment as provided.

Appeal by defendant from judgments entered 8 May 1998 by Judge Jerry Cash Martin in Rowan County Superior Court. Heard in the Court of Appeals 14 September 1999.

*Attorney General Michael F. Easley, by Special Deputy Attorney General W. Richard Moore, for the State.*

*Davis Law Firm, by Robert M. Davis, for defendant-appellant.*

HUNTER, Judge.

Albert Lee Stevenson, Jr. ("defendant") appeals guilty verdicts in his prosecution for robbery with a dangerous weapon and of being a violent habitual felon. We find no error.

The State's evidence at trial indicated that Melissa Horne ("Ms. Horne") was working at Granite Quarry Cleaners on 18 June 1997 at 1:00 p.m. at the time a male customer entered the shop. Ms. Horne testified that the customer laid some clothes on the counter and identified himself as "Stevenson" for the cleaning ticket. The customer thereupon became an assailant, as he came around the counter and told Ms. Horne that he wanted all the money while holding a sharp metal object towards her. Ms. Horne opened the cash register and the man took approximately $430.00. The assailant picked up his clothes and left. Ms. Horne locked the door and called 911.

Officer Sam Russell of the Salisbury Police Department testified that on that same day, he had gone to the Park Avenue area of Salisbury to meet with an individual who was going to do a survey of property the city was going to convert into a police district office. As he was on the surveyor's front porch, Officer Russell observed a white Cadillac traveling west on Park Avenue. He testified that he noticed the car because it fit the description of a vehicle which had been broadcast to the police force as being involved with two armed robberies which had occurred that same day. He testified that the car parked at 517 Park Avenue, a residence "that we had targeted as a drug house in that neighborhood." Officer Russell stated that he had made arrests of individuals residing there for drug offenses. He recognized the driver as Albert Stevenson because he "had had dealings with him in the past." After waiting for backup, Officer Russell and Officer Shue pulled their patrol cars in front of the residence, and as Officer Russell got out of his car, he observed the defendant running out of the back side of the house. A police dog proceeded to chase defendant, and went to the front porch of a home on Liberty Street.

As Officer Russell went to the front porch and Officer Shue went to the back, the defendant came onto the front porch. Officer Russell drew his weapon and ordered defendant on the ground. Defendant was then taken into custody. A search revealed that defendant had a bundle of money in his sock.

In the meantime, Officer Adams of the Salisbury Police Department came to Granite Quarry Cleaners and Ms. Horne gave him the cleaning ticket on which she had written the name Stevenson. He then took Ms. Horne to a store where she observed defendant in a Salisbury police car. Ms. Horne identified defendant as the assailant who had robbed her earlier that day.

The State's evidence at trial, regarding defendant's charge of being a violent habitual felon, was certified records indicating that defendant pled guilty and was convicted of second degree murder in Rowan County, North Carolina in 1973 and assault with intent to commit a felony in Los Angeles County, California in 1992.

[1] Defendant has presented twenty-three assignments of error to this Court. In his first assignment of error, defendant contends that the trial court committed reversible error in allowing Officer Sam Russell to testify at trial that he had previously heard a broadcast for defendant's type of vehicle in reference to two armed robberies that had occurred that day and that the house where the defendant was going was a "drug house." We note that defendant did not object at trial to Officer Russell's statement regarding the vehicle. N.C.R. App. P. 10(b)(1) provides as follows:

> General. In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. . . .

Defendant failed to preserve the question of admissibility of the officer's testimony as to the vehicle for appellate review required by this rule. It is, therefore, beyond our scope of review. We note, however, that the court did give an instruction to the jury that this testimony

> is not being received for the truth of the matter asserted within that statement or what was in the broadcast—may have been in the broadcast, but it is received for a limited purpose of explain-

ing what Officer Russell did on the occasion to the extent that you find it does explain what the officer did on the occasion and explaining his conduct, and subsequent conduct, you may consider it, but you may not consider that statement otherwise.

Any alleged error, therefore, was cured by this instruction from the court.

[2] In his second and third assignments of error, defendant contends that the trial court committed reversible error in allowing Officer Sam Russell to testify that he had training in the investigation of drug offenses, had dealt with occupants of the house in question when investigating drug offenses, and had arrested "folks" that resided in the house for drug offenses. Defendant argues this testimony was not relevant to the crime at issue and therefore was inadmissible.

First, we note that the trial court instructed the jury as to Officer Russell's statement that the residence at 517 Park Avenue had been targeted as a "drug house." "[T]hat evidence is inadmissible and not competent evidence for your consideration. . . . [Y]ou are directed not to consider [this] statement in your deliberations in this matter." Later in the trial, however, the court overruled objections to the testimony that Officer Russell had training in drug investigation and had dealt with occupants of the house in such investigation and had arrested folks that resided in the house for drug offenses.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. N.C. Rule Evid. 401.

> Evidence is relevant if it has any logical tendency to prove a fact at issue in a case, and in a criminal case every circumstance calculated to throw any light upon the supposed crime is admissible and permissible. It is not required that evidence bear directly on the question in issue, and evidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact.

State v. Arnold, 284 N.C. 41, 47-48, 199 S.E.2d 423, 427 (1973) (citations omitted). This Court has allowed evidence concerning the "drug use" reputation of a place when such evidence tended to show the intent of a defendant charged with feloniously and intentionally

acquiring possession of a controlled substance. *State v. Lee*, 51 N.C. App. 344, 349, 276 S.E.2d 501, 504-05 (1981). A defendant's motive is a fact of consequence to be considered, though the State is not required to prove it. *State v. Riddick*, 315 N.C. 749, 758, 340 S.E.2d 55, 60 (1986). While the present case does not involve a drug charge, at trial, the State advanced the theory that defendant had committed robbery in order to get money to buy drugs. Therefore, evidence that defendant went to a place known for dealing drugs immediately after the robbery is relevant to show motive. The jury could infer that the money obtained in the robbery was to be used to purchase drugs. Therefore, this evidence was properly admitted into evidence.

Assuming *arguendo* that the evidence at issue was irrelevant to prove motive for the crime, defendant has failed to show a reasonable probability that a different result would have been reached at trial had this testimony not been admitted into evidence. Our Supreme Court has held:

> Trial errors not amounting to constitutional violations do not warrant awarding a new trial unless "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. . . ." N.C.G.S. § 15A-1443. Erroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the state's primary contentions, *State v. Williams*, 275 N.C. 77, 165 S.E.2d 481 (1969); *State v. Rowland*, 263 N.C. 353, 139 S.E.2d 661 (1965), or where there is overwhelming evidence of defendant's guilt. *State v. Knight*, 282 N.C. 220, 192 S.E.2d 283 (1972); *State v. Cox*, 281 N.C. 275, 188 S.E.2d 356 (1972).

*State v. Weldon*, 314 N.C. 401, 411, 333 S.E.2d 701, 707 (1985). Given the abundant competent evidence in the present case indicating the defendant's guilt, any alleged error of the trial court would have been harmless. Based on the foregoing, this assignment of error is overruled.

**[3]** In assignments of error four and five, defendant contends that the trial court committed error in allowing the State's exhibit 15, identified as a crack pipe; exhibit 19, identified as a wallet; and exhibit 20, identified as cards of identification, including defendant's driver's license and credit cards, into evidence. These items were found in the white Cadillac that defendant had been driving just prior to his arrest. At trial, defendant objected to their admission due to (1) relevance, (2) chain of custody, and (3) prejudicial nature.

As to relevance, we note that the State introduced the theory at trial that defendant had robbed the victim in order to obtain money for drugs. The possession of a crack pipe coincides with this argument as defendant would need a device used in consuming the drug he was intending to purchase. Therefore, we hold that the defendant having a crack pipe in his possession at the time he went to a residence with the reputation of drug dealing was relevant to establish motive. As to the wallet and defendant's driver's license and credit cards, we agree with the State that these would be relevant and admissible to identify the defendant as the owner and/or the person in control of the vehicle in which they were found.

As to defendant's argument regarding chain of custody weaknesses warranting the evidence inadmissible, we note that admission of actual evidence is at the trial court's discretion, and any weak links in a chain of custody relate only to the weight to be given the evidence and not to its admissibility. *State v. Stinnett*, 129 N.C. App. 192, 198, 497 S.E.2d 696, 700, *disc. review denied*, 348 N.C. 508, 510 S.E.2d 669, *appeal dismissed*, 1998 WL 646300, *cert. denied*, 525 U.S.——, 142 L. Ed. 2d 436 (1998).

As to the prejudicial nature of the crack pipe, we note that the relevant portion of Evidence Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C.R. Evid. 404(b). Our Supreme Court has held that this rule is one of inclusion in that it is "subject to but *one exception* requiring [the] exclusion [of evidence] if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the. crime charged." *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990), *appeal after remand*, 336 N.C. 412, 444 S.E.2d 431 (1994) (emphasis in original). We have previously held that the evidence in question was relevant to motive and identity. Defendant failed to argue and therefore has not shown that the trial court abused its discretion when it determined that the probative value of the evidence outweighed its prejudice to defendant. This Court will not reverse the trial court's ruling absent such a show-

ing. *State v. Rose*, 335 N.C. 301, 319-20, 439 S.E.2d 518, 528, *cert. denied* 512 U.S. 1246, 129 L. Ed. 2d 883 (1994). Accordingly, this assignment of error is overruled.

[4] In his sixth and seventh assignments of error, defendant contends the trial court committed reversible error by refusing to dismiss the charges of armed robbery at the end of the State's evidence and at the end of all the evidence. Defendant argues that the sole evidence that a dangerous weapon was employed in the crime was the statement of Ms. Horne that defendant "held a metal object towards me" and that the evidence was not sufficient to indicate that the victim's life was in fact endangered or threatened.

An armed robbery occurs when:

Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, . . . .

N.C. Gen. Stat. § 14-87(a) (1993). In ruling upon a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, which is entitled to every reasonable inference to be drawn therefrom. *State v. Bates*, 313 N.C. 580, 581, 330 S.E.2d 200, 201 (1985). If there is "substantial evidence"—whether direct, circumstantial, or both—of each element of the offense charged and of the defendant being the perpetrator of the offense, the motion to dismiss should be denied. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

At trial, the State presented evidence that the defendant approached Ms. Horne, and while holding a metal object towards her, demanded all the money in the store's cash register. Ms. Horne testified that she feared for her life and that she worried that defendant may kill her during the robbery. We hold that this evidence is substantial as to the element of a dangerous weapon being employed in a robbery whereby the life of the victim was endangered or threatened. We therefore overrule this assignment of error, holding that the

trial court did not err in failing to dismiss the charge at the end of the State's evidence and all the evidence.

[5] In his eighth assignment of error, defendant contends that the trial court erred in allowing the State's exhibit 21, a certified copy of a plea to second degree murder in 1973 in Rowan County, North Carolina, into evidence, stating: "a plea must be accepted by the State as well as the Court before a Judgment can be entered." Defendant fails to cite any statute or caselaw in support of this assignment of error. "It is not the function of the appellate courts to search out possible errors which may be prejudicial to an appellant; it is an appellant's duty, acting within the rules of practice, to point out to the appellate court the precise error of which he complains." *Nye v. Development Co.*, 10 N.C. App. 676, 678, 179 S.E.2d 795, 796, *cert. denied*, 278 N.C. 702, 181 S.E.2d 603 (1971). "The body of the argument shall contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(5). Because defendant has not cited any authority and has failed to indicate any prejudicial error, we dismiss this assignment of error.

[6] Defendant next assigns error to the allowance of the State's exhibit 24, also known as exhibit V-1, into evidence. The court made the finding that exhibit 24 was a certified true copy of a record of defendant's conviction in Los Angeles County, California, of "assault with intent to commit a felony, that is, the assault on [female victim] with the intent to commit oral copulation." Defendant failed to argue this assignment of error and it is therefore deemed abandoned.

[7] In assignments of error ten and eleven, defendant assigns error to the trial court's ruling as a matter of law that assault with intent to commit oral copulation is a substantially equivalent offense to that of a Class A through E felony and is therefore a violent felony in North Carolina. Defendant argues that because he was only convicted of *attempting* to commit a felony, his conviction is not equivalent to a conviction of an A through E felony in this state. We disagree.

In 97 CRS 13928, defendant was charged as a violent habitual felon in violation of N.C. Gen. Stat. § 14-7.7. This statute provides, in part: "[a]ny person who has been convicted of two violent felonies in any federal court, in a court of this or any other state of the United States, or in a combination of these courts is declared to be a violent habitual felon." N.C. Gen. Stat. § 14-7.7 (Cum. Supp. 1998). A violent felony is identified as:

**STATE v. STEVENSON**

[136 N.C. App. 235 (1999)]

(1) All Class A through E felonies.

(2) Any repealed or superseded offense substantially equivalent to the offenses listed in subdivision (1).

(3) Any offense committed in another jurisdiction substantially equivalent to the offenses set forth in subdivision (1) or (2).

N.C. Gen. Stat. § 14-7.7(b) (Cum. Supp. 1998). The two violent felonies defendant was charged with were second degree murder, to which he pled guilty in 1973 in Rowan County, North Carolina and assault with intent to commit oral copulation, to which he also pled guilty in 1992 in Los Angeles County, California.

Defendant's 1992 conviction in California, the subject of this assignment of error, is equivalent to a North Carolina conviction of an "attempt" to commit a second degree sexual offense. Defendant argues that in 1992, an attempt to commit second degree rape or a second degree sexual offense was classified as a Class H felony under N.C. Gen. Stat. § 14-27.6. However, this statute was repealed effective 1 October 1994. As pointed out in N.C. Gen. Stat. § 14-7.7, for purposes of the violent habitual statute, a violent felony can be one which is repealed or superseded, or occurred in another state, but is the present equivalent of a Class A through E felony. Also under present law:

> Unless a different classification is expressly stated, an *attempt* to commit a misdemeanor or a felony is punishable under the next lower classification as the offense which the offender attempted to commit. An attempt to commit a Class A or Class B1 felony is a Class B2 felony, an attempt to commit a Class B2 felony is a Class C felony, an attempt to commit a Class I felony is a Class 1 misdemeanor, and an attempt to commit a Class 3 misdemeanor is a Class 3 misdemeanor.

N.C. Gen. Stat. § 14-2.5 (Cum. Supp. 1998) (emphasis added). Second degree sexual offense is presently classified as a Class C felony. N.C. Gen. Stat. § 14-27.5 (1993). Therefore, under N.C. Gen. Stat. § 14-2.5, the crime defendant was convicted of in 1992 is presently classified as a Class D felony. Based on the foregoing, we hold that the trial court did not err in its finding that defendant's 1992 conviction was equivalent to a Class A through E felony, and was therefore a violent felony under N.C. Gen. Stat. § 14-7.7(b).

[8] In assignment of error twelve, defendant assigns error to the trial court's ruling that the State must prove two things beyond a reasonable doubt: (1) that defendant was convicted of second degree murder in Rowan County Superior Court, and (2) defendant pled guilty to the violent felony of assault with intent to commit a felony that was committed on 31 May 1992 in California. Defendant failed to argue this assignment of error and it is therefore deemed abandoned.

[9] In his next assignment of error, defendant contends the trial court erred by ruling that there is no additional requirement that the State prove his 1992 conviction of assault with intent to commit a felony was a violent felony, and by ruling as a matter of law that said assault was a violent felony. We need not reach this assignment of error as we have held that the trial court did not err in ruling as a matter of law that defendant's 1992 conviction in California was a violent felony.

[10] Defendant, in assignments of error fourteen and fifteen, contends that the trial court erred by ruling as a matter of law that the punishment for a violent habitual felon is not double jeopardy, arguing that the violent habitual felon statute, N.C. Gen. Stat. § 14-7.7 through § 14-7.12 is unconstitutional on its face. Defendant also argues that the trial court erred in refusing to allow him to argue that conviction under this statute would be an additional punishment for the same offense. Our Supreme Court has addressed this issue and has ruled that "our legislature has acted within constitutionally permissible bounds in enacting legislation designed to identify habitual criminals and to authorize enhanced punishment as provided. The procedures set forth in N.C.G.S. § 14-7.1 to -7.6 likewise comport with the defendant's federal and state constitutional guarantees." *State v. Todd*, 313 N.C. 110, 118, 326 S.E.2d 249, 253 (1985). This Court has held that the Supreme Court's reasoning in *Todd* regarding the habitual felon statute equally applies to N.C. Gen. Stat. § 14-7.7 through § 14-7.12, the violent habitual felon statute. *State v. Mason*, 126 N.C. App. 318, 324, 484 S.E.2d 818, 820 (1997). This assignment of error is therefore overruled.

We need not address defendants remaining assignments of error, all of which are based on the contention that the trial court erred in the classification of defendant's 1992 conviction as an A through E felony. We have ruled on that issue in addressing defendant's assignments of error ten and eleven, finding no error. Accordingly, we hold that defendant received a fair trial free of any prejudicial error.

No error.

Judges LEWIS and MARTIN concur.