STATE OF NORTH CAROLINA
v.
YUL V. BANNERMAN.
No. COA08-86
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, Special Deputy Attorney General Gayl M. Manthei, for the State.
Carlos E. Mahoney, for defendant-appellant.
CALABRIA, Judge.
Yul V. Bannerman ("defendant") appeals from judgments entered upon jury verdicts finding him guilty of robbery with a dangerous weapon and larceny of a motor vehicle. We find no error.
The State presented evidence that at approximately 10:00 p.m. on 21 November 2005, defendant entered a Hardee's restaurant in Rocky Point, North Carolina through a rear door. Defendant approached Vanessa Spurling ("Ms. Spurling"), a store cashier, and said, "Give me the money or I'm going to kill you." Ms. Spurling gave defendant the cash in the drive-thru register.
After taking the cash from the drive-thru register, defendant followed Mary Cole ("Ms. Cole"), Hardee's manager, into her office. Ms. Cole also gave him cash from the restaurant safe. Defendant took $1,383.00 in cash and fled from the store in Ms. Cole's vehicle.
Defendant subsequently was arrested and charged with robbery with a dangerous weapon and larceny of a motor vehicle. On 17 October 2007, in Pender County Superior Court, the jury returned a verdict finding defendant guilty of robbery with a dangerous weapon and larceny of a motor vehicle. The Honorable Gary E. Trawick ("Judge Trawick") sentenced defendant to consecutive sentences of a minimum of 117 months and a maximum of 150 months and a minimum of 11 months and a maximum of 14 months in the North Carolina Department of Correction. Judge Trawick suspended defendant's latter sentence on the condition that defendant complete thirty-six months of supervised probation. From the judgments, defendant appeals.

I. Motion to Dismiss
Defendant's sole assignment of error on appeal is that the trial court erred by denying defendant's motion to dismiss the charge of robbery with a dangerous weapon on the ground of insufficient evidence to support his conviction. We disagree.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense and that the defendant is the perpetrator. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "'Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). In considering a motion to dismiss, "the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001)(citation omitted), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). "[C]ontradictions and inconsistencies do not warrant dismissal; the trial court is not to be concerned with the weight of the evidence." State v. Lee, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998)(citation omitted). "[I]f the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion even though the evidence may also support reasonable inferences of the defendant's innocence." State v. Ford, 136 N.C. App. 634, 641, 525 S.E.2d 218, 223 (2000).
Defendant concedes that he possessed a knife during the robbery. However, he contends the State presented insufficient evidence that defendant used or threatened to use the knife during the robbery.
To convict a defendant of robbery with a dangerous weapon under N.C. Gen. Stat. § 14-87(a), the State is required to prove the following:
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
N.C. Gen. Stat. § 14-87(a) (2006).
Defendant correctly asserts that possession of a weapon during the robbery, alone, is insufficient to support a conviction. Our Supreme Court has held that a conviction for robbery with a dangerous weapon "requires both an act of possession and an act with the weapon which endangers or threatens the life of the victim[.]" State v. Gibbons, 303 N.C. 484, 491, 279 S.E.2d 574, 578 (1981).
However, in the case sub judice, the State presented evidence that defendant threatened to kill Ms. Spurling while demanding money and that Ms. Spurling believed he had a weapon. The store surveillance video the jury viewed at trial shows that defendant stood in close proximity to Ms. Spurling as she emptied the register. Ms. Spurling said she never saw defendant use a weapon, but that she believed that he had one because she "felt a pressure on [her] side." Moreover, the surveillance video clearly shows the defendant holding a knife of at least eight inches in length in plain view of the restaurant's manager, Ms. Cole, in a confined office as Ms. Cole and defendant removed money from the safe. Therefore, we conclude the State presented sufficient evidence to support the element that a dangerous weapon was used in the robbery. See State v. Stevenson, 136 N.C. App. 235, 243, 523 S.E.2d 734, 739 (1999) (holding that the element of use of a dangerous weapon was satisfied where the defendant approached the victim while holding a metal object towards her, and demanded money causing the victim to fear for her life). This assignment of error is overruled.
The record on appeal includes an additional assignment of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2007), we deem this assignment of error abandoned.
No error.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).