STATE OF NORTH CAROLINA v. RANDY CONARD

No. 8127SC313

(Filed 6 October 1981)

**1. Criminal Law § 41—testimony sufficiently probative to justify admission**

Testimony that an officer on two occasions found two color televisions in the home of a person to whom defendant was to have sold a stolen television set was sufficiently probative to justify admission.

**2. Criminal Law § 75.2— inculpatory statement of defendant—no error in admission where no motion to suppress and no basis for objection**

The trial court had statutory authority to deny defendant's objection and to admit an inculpatory statement of defendant's made while he was in custody and without counsel where defendant did not move to suppress before trial, defendant did not move to suppress at trial, and his general objection was not accompanied by any allegation of a legal basis for suppressing the evidence. G.S. 15A-971 *et seq.*

**3. Burglary and Unlawful Breakings § 5.9— testimony of accomplice—sufficient to deny motion to dismiss**

Testimony of an accomplice that he and defendant cut the siding off a grocery store, "went in and took some TV's and stereos and speakers and microwave ovens and such," and transported them to defendant's house, and that they had no authority to do it was evidence which alone was sufficient to withstand a motion to dismiss in a prosecution for felonious breaking or entering and larceny.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 24 October 1980 in Superior Court, GASTON County. Heard in the Court of Appeals on 22 September 1981.

Defendant was charged in a proper bill of indictment with felonious breaking or entering and felonious larceny. Upon his plea of not guilty, the jury returned a verdict of guilty on the counts of felonious breaking or entering and felonious larceny. From judgments sentencing defendant to concurrent ten year terms in prison, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney James W. Lea, III, for the State.*

*Kellum Morris, Assistant Public Defender, for defendant appellant.*

HEDRICK, Judge.

At trial, the State presented evidence tending to show that several items including some RCA portable television sets had been stolen from a grocery store, and that the theft had been perpetrated by the defendant and one Gary Godfrey. The State had also presented evidence tending to show that one of the stolen television sets was sold by the defendant to one Larry Willis.

[1] Defendant assigns as error the trial court's denial of a motion to strike certain testimony offered by the State. The objected-to testimony was given by Detective R. F. Moore and stated that on two separate occasions Detective Moore found two RCA color television sets at the home of Larry Willis. Defendant argues that no proper foundation was laid for Detective Moore's testimony, and that the testimony is too tenuous to be admitted to raise an inference that the televisions found at Mr. Willis' home were ones stolen from the grocery store. This concern, however, goes to the weight of the evidence and not its admissibility. *See State v. Hunnicutt,* 44 N.C. App. 531, 261 S.E. 2d 682, *disc. rev. denied,* 299 N.C. 739, 267 S.E. 2d 666 (1980). Evidence is relevant if it has any logical tendency to prove a fact in issue in the case, and in a criminal case every circumstance calculated to throw light upon the supposed crime is admissible and permissible. *State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423 (1973). Detective Moore's testimony is sufficiently probative to justify admission into evidence and we therefore overrule this assignment of error.

[2] Defendant also assigns as error the court's admission into evidence of an inculpatory statement made by the defendant during in-custody interrogation and in the absence of counsel. Defendant argues that the court committed prejudicial error in admitting the statement without establishing that he understood and waived his constitutional rights.

G.S. § 15A-974 provides that one ground for the suppression of evidence is that the exclusion of such evidence "is required by the Constitution of the United States or the State of North Carolina." The exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. § 15A-974 is a motion to suppress evidence which complies with the procedural requirements of G.S. § 15A-971 *et seq. State v. Satterfield,* 300 N.C.

621, 268 S.E. 2d 510 (1980); *State v. Joyner*, 54 N.C. App. 129, 282 S.E. 2d 520 (1981); *State v. Drakeford*, 37 N.C. App. 340, 246 S.E. 2d 55 (1978); G.S. § 15A-979(d). Those procedural requirements state that the motion to suppress must be made before trial unless (1) the defendant did not have a reasonable opportunity to make the motion before trial, or (2) the defendant is allowed to make the motion during the trial because he did not receive timely notice of the State's intention to use such evidence, or (3) the defendant is allowed to make the motion during the trial after a pretrial determination and denial of the motion and a later showing that additional facts pertinent to the motion have been discovered by the defendant which he could not have reasonably discovered before the pretrial denial of the motion. G.S. § 15A-975; *State v. Drakeford, supra.* Furthermore, these procedural requirements state that the judge may summarily deny the motion to suppress evidence if the motion does not allege a legal basis for the motion. G.S. § 15A-977(c)(1), (e); *State v. Satterfield, supra; State v. Joyner, supra.* The burden is on the defendant to demonstrate that he has made his motion to suppress in compliance with the procedural requirements of G.S. § 15A-971 *et seq.*; failure to carry that burden waives the right to challenge evidence on constitutional grounds. *State v. Drakeford, supra.*

In the present assignment of error, defendant seeks to challenge the admission of evidence on constitutional grounds. The exceptions upon which this assignment of error is based refer this Court to two general objections lodged by defendant during trial. There is nothing in the record, however, to indicate that defendant has sustained his burden of showing why he should be entitled to make a motion to suppress during trial rather than before trial as is generally required by G.S. § 15A-975. Further, defendant made no motion to suppress, and his general objection was not accompanied by any allegation of a legal basis for suppressing the evidence. "It follows therefore that the trial judge had statutory authority to summarily deny defendant's objection. G.S. 15A-977(c)." *State v. Satterfield, supra* at 625, 268 S.E. 2d at 514.

Furthermore, the record discloses unequivocally that before the defendant made the statement he had been advised repeatedly of his constitutional rights, he understood those rights, he had

been taken before a judge and found not to be entitled to appointed counsel, and he thereafter understandingly and voluntarily signed a waiver of his rights and understandingly and voluntarily made the statement. This assignment of error has no merit.

[3] Defendant's final assignment of error is that the court committed error in denying defendant's motion to dismiss at the close of all the evidence. When considering the sufficiency of the evidence to survive a motion to dismiss, the evidence is considered in the light most favorable to the State and the question for the court's determination is whether there is a reasonable basis upon which the jury might find that the offenses charged in the indictment had been committed and that the defendant was a perpetrator of the offenses. *State v. Hyatt*, 32 N.C. App. 623, 233 S.E. 2d 649, *disc. rev. denied*, 292 N.C. 733, 235 S.E. 2d 786-787 (1977).

The evidence presented by the State in the present case, even excluding the contested confession by the defendant of his participation in the offenses charged, was sufficient to allow submission of the case to the jury. The State presented testimony by one Gary Godfrey that he [Godfrey] and the defendant cut the siding off of Bradshaw's Grocery in North Belmont and "went in and took some TV's and stereos and speakers and microwave ovens and such" and transported them to the defendant's house, and that they had no authority to break into the building and carry off the articles. This evidence alone is sufficient to withstand a motion to dismiss. This assignment of error is therefore overruled.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges HILL and WHICHARD concur.