HUDSON, Judge.
On 18 September 2000, defendant Richard Anthony Armstrong was indicted on charges of trafficking in heroin by possession, possession with intent to sell or deliver heroin, felony possession of cocaine, and possession of drug paraphernalia. The case was tried at the 14 February 2001 Criminal Session of the Superior Court in Durham County. After a mistrial on several of the charges, a second trial was held at the 25 February 2002 Criminal Session of the Superior Court in Durham County.
Defendant was convicted at the first trial of possession of drug paraphernalia. Defendant was found not guilty of possession of cocaine, and a mistrial was declared as to the remaining chargesbecause the jury was deadlocked. Prayer for judgment was continued on the verdict of possession of drug paraphernalia. After a second trial, defendant was convicted of trafficking in heroin and possession with intent to sell or deliver heroin. The convictions were consolidated for judgment with the possession of drug paraphernalia conviction and defendant was sentenced to a term of 225 to 279 months imprisonment. Defendant appeals. After careful review of the record, briefs and contentions of the parties, we find no error.
The evidence presented at the two trials tended to show the following: In July 1999, police began an investigation into an individual named Little who was allegedly selling heroin in Durham. Investigation through interviews revealed that Little was the defendant, Richard Anthony Armstrong. Police learned that defendant drove a burgundy BMW and had a girlfriend who lived off of University Drive in Durham.
On 5 May 2000, Durham police set up surveillance at the apartment off of University Drive. At approximately 10:48 a.m., defendant got into a BMW and drove off. Durham police followed defendant in an unmarked vehicle, and clocked him speeding at 85 m.p.h. in a 55 m.p.h. speed zone. Defendant pulled into Ample Storage on Hillsborough Road in Durham. Police had information that defendant stored drugs at storage units. Defendant left his car and entered one of the storage units.
Police then planned on stopping defendant after he left the unit. They went to the manager's office of the storage facilityand asked her to lock the gate behind defendant. Before defendant could leave the facility, he was stopped at the gate by police. Sergeant John Peter of the Durham Police Department approached defendant's car, drew his gun and told defendant to put his hands up. Sergeant Peter looked into the passenger window of defendant's car and observed electronic scales, an open bag with what appeared to be "cutting agent," and a bar of soap. Sergeant Peter stated that "I see cutting agent." Defendant corrected him and told him that the bars of soap were the cutting agent. The officers arrested and handcuffed defendant.
Investigator Charles Davidson of the Durham Police Department told defendant that he was the subject of an investigation, and also told defendant "that if he wanted to cooperate, this was the time to do it." Defendant stated he wanted to cooperate. He told Davidson that he did not have any drugs in the car or storage unit, and gave consent to search the unit and his car. Davidson asked defendant for consent to search the apartment off of University Drive, and defendant admitted that he had "about 55 grams in the apartment." Defendant further stated that his girlfriend had nothing to do with the heroin, and he offered to take Davidson to the heroin. Police and defendant went to the apartment, and asked defendant's girlfriend for consent to search the apartment. She agreed, and defendant told Davidson that the drugs were in the kitchen in a cabinet above the refrigerator. Investigator William Evans located the cabinet, opened it and found "tennis ball-sized bags of heroin." A further search of the apartment revealed acoffee grinder which field tested positive for heroin residue. Inside a safe in the apartment were boxes of glassine baggies and rubber bands.
Defendant first argues that the trial court erred by refusing to exclude evidence seized in violation of defendant's constitutional rights. Defendant contends that the stop for speeding was merely a pretext so that the police could search him for drugs. Defendant argues that because the stop was "pretextual" it was illegal and any evidence seized as a result is inadmissible under the exclusionary rule. Additionally, defendant argues that statements made by him after his arrest should likewise be excluded. Because these issues are not properly before us, we decline to review these arguments.
During trial defendant did not move to suppress the evidence or the statements to which he now objects. G.S. § 15A-974 provides for the suppression of evidence if the exclusion of the evidence "is required by the Constitution of the United States or the Constitution of the State of North Carolina." Id. "The exclusive method of challenging the admissibility of evidence upon the grounds specified in G.S. § 15A-974 is a motion to suppress evidence which complies with the procedural requirements of G.S. § 15A-971 et seq." State v. Conard, 54 N.C. App. 243, 244-45, 282 S.E.2d 501, 503 (1981); G.S. § 15A-979(d))(emphasis added). "The burden is on the defendant to demonstrate that he has made his motion to suppress in compliance with the procedural requirements of G.S. § 15A-971 et seq.; failure to carry that burden waives theright to challenge evidence on constitutional grounds." Id. at 245, 282 S.E.2d at 503. Thus, because defendant failed to make a motion to suppress, his arguments that the trial court should have excluded the evidence and statements are waived.
We next consider whether there was sufficient evidence to sustain the convictions. Defendant notes that the heroin was found in someone else's apartment, and the only evidence connecting him to the drugs were rumors and his admission that the drugs were his. Defendant denies making the admission to the police that the drugs were his, and contends that no evidence was ever produced that anyone had seen defendant in possession of the heroin.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)).
Here, defendant argues that there was insufficient evidence that he possessed the drugs. However, Investigator Davidson testified that defendant told him he had 55 grams of heroin in the apartment and offered to take police to the heroin. Upon arrival at the apartment, police asked defendant where the drugs were and he directed them to a kitchen cabinet. Officers recovered heroin from the cabinet in the kitchen. In addition, defendant was found in possession of numerous glassine baggies at the apartment, and ascale and cutting agent on the front seat of his car. In the light most favorable to the State, a reasonable juror could conclude from this evidence that defendant possessed the heroin found in the apartment. Cross, 345 N.C. at 717, 483 S.E.2d at 434. Accordingly, we find no error.
No error.
Judges STEELMAN and THORNBURG concur.
Report per Rule 30(e).