STATE OF NORTH CAROLINA v. TONY EDWARD ENGLISH

No. COA04-890

(Filed 5 July 2005)

## 1. Sentencing— habitual felon—prior record level

Defendant's sentencing for sale, delivery, and possession with intent to sell or deliver a controlled substance which was enhanced by his status as an habitual felon is remanded for re-sentencing, because: (1) a prior record level worksheet standing alone does not meet the State's burden for establishing prior convictions under N.C.G.S. § 15A-1340.14(f); and (2) the State did not establish that defendant stipulated to the prior convictions at issue nor has it presented records pursuant to N.C.G.S. § 15A-1340.14(f) to prove the existence of the prior convictions.

## 2. Constitutional Law— right of confrontation—laboratory report—stipulation

The trial court did not violate defendant's Sixth Amendment right of confrontation in a sale, delivery, and possession with intent to sell or deliver a controlled substance case by permitting the State to read into evidence a laboratory report identifying the substance purchased by an officer as cocaine without the pre-parer of the report being available for cross-examination, because defendant explicitly waived his right to cross-examine the report's preparer when: (1) defense counsel stipulated to the laboratory report at the beginning of defendant's trial and affirmed that no further authentication or testimony was required; and (2) the trial court confirmed defendant's stipulation through extensive questioning of defendant and further showed that defendant understood the nature of the question being put to him.

## 3. Evidence— hearsay—neighborhood had reputation for drug use and drug sales

The trial court did not err in a sale, delivery, and possession with intent to sell or deliver a controlled substance case by allowing an officer to testify that the neighborhood in which defendant was arrested had a reputation as a heavy, heavy area for drug use and drug sales, because: (1) the testimony was prompted by a question by the State as to why the officer was in the neighborhood; (2) the statement was offered to explain why the officer

subsequently solicited drugs from a pedestrian in that neighborhood, and not as an assertion that the neighborhood was, in fact, known for its heavy drug traffic; and (3) even if the evidence was considered to be inadmissible hearsay, its admission did not require a new trial due to the overwhelming evidence of defendant's guilt including an officer's testimony about defendant's role in the drug sale, the laboratory analysis proving the substance was crack cocaine, and defendant's possession of a twenty dollar bill.

Judge STEELMAN concurring.

Appeal by defendant from judgment entered 5 November 2003 by Judge Timothy S. Kincaid in Superior Court, Mecklenburg County. Heard in the Court of Appeals 9 March 2005.

*Attorney General Roy A. Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

McGEE, Judge.

Tony Edward English (defendant) was convicted on 5 November 2003 of sale, delivery, and possession with intent to sell or deliver a controlled substance. Defendant admitted he had attained habitual felon status. The evidence at trial tended to show that Officer Harrland McKinney (Officer McKinney) was an undercover officer with the Street Drug Interdiction Unit of the Charlotte Mecklenburg Police Department on the night of 10 April 2003. Officer McKinney saw Sean Williams (Williams), a person Officer McKinney knew had previously been involved with drugs, standing on a street corner. Officer McKinney approached Williams and asked to buy "a twenty," which Officer McKinney testified was slang for a twenty dollar rock of crack cocaine. Williams initially offered to get into Officer McKinney's vehicle to "take [Officer McKinney] to get it[,]" but Officer McKinney refused. Williams then told him to return ten minutes later.

When Officer McKinney returned, defendant was standing on the corner with Williams. Defendant was holding a clear plastic bag. Williams reached into the bag, pulled out a rock of crack cocaine, and walked over to Officer McKinney's vehicle. Officer McKinney

inspected the rock briefly. Satisfied that the rock was crack cocaine, Officer McKinney gave Williams a twenty dollar bill. Williams ran over to defendant and handed defendant the twenty dollar bill. Officer McKinney drove away and immediately called in other officers to arrest Williams and defendant.

Based on Officer McKinney's description, Officer Shawn Blee (Officer Blee) discovered defendant on a nearby street. Defendant fled and Officer Blee gave chase. A few minutes later, Office Blee located defendant in the backyard of a residence. Defendant appeared to be chewing something, which Officer Blee ordered him to spit out. The item defendant had been chewing was a twenty-dollar bill. No drugs were found on defendant. The rock sold to Officer McKinney was later determined by laboratory analysis to be .10 grams of cocaine.

Defendant was convicted of all charges and he admitted he was an habitual felon. He was sentenced to a minimum term of 120 months and a maximum term of 153 months. Defendant appeals.

I.

[1] Defendant first argues that his case should be remanded for resentencing. Defendant specifically contends that the prior record level determined by the trial court is improper under N.C. Gen. Stat. § 15A-1340.14. We agree.

A trial court must "determine the prior record level for the offender pursuant to [N.C.]G.S. [§] 15A-1340.14" before imposing sentence. N.C. Gen. Stat. § 15A-1340.13(b) (2003). The minimum sentence imposed must be "within the range specified for the class of offense and prior record level[.]" *Id.* As an habitual offender, it was determined that defendant had eight prior record points and a prior record level III, for sentencing under N.C.G.S. § 15A-1340.14.

N.C. Gen. Stat. § 15A-1340.14(f) (2003) states that prior convictions may be proved by:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

"The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists[.]" N.C.G.S. § 15A-1340.14(f). During sentencing, the trial court was informed that the files concerning some of defendant's previous offenses had been destroyed, and thus no proof of these offenses could be offered. To meet its burden, the State would have had to either obtain a stipulation from defendant or prove the convictions by "[a]ny other method found by the court to be reliable." *Id.*

The State presented a prior record level worksheet that listed defendant's prior convictions by class of felony, classifying defendant as a record level III offender. Neither defendant nor his defense counsel stipulated to the contents of the prior record worksheet. Rather, the record shows that defense counsel expressly declined to stipulate to the worksheet and renewed defendant's motion to suppress two of the listed convictions.

Our Court has repeatedly held that a prior record level worksheet, standing alone, does not meet the State's burden for establishing prior convictions under N.C.G.S. § 15A-1340.14(f). *See State v. Johnson*, 164 N.C. App. 1, 23, 595 S.E.2d 176, 189, *disc. review denied*, 359 N.C. 194, 607 S.E.2d 659 (2004) ("It has been repeatedly held that the submission of a worksheet by the State is insufficient to satisfy the State's burden under this statute[.]"); *State v. Riley*, 159 N.C. App. 546, 557, 583 S.E.2d 379, 387 (2003) ("A statement by the State that an offender has seven points, and thus is a record level III, if only supported by a prior record level worksheet, is not sufficient to meet the catchall provision found in N.C.G.S. § 15A-1340.14(f)(4), even if uncontested by defendant."); *State v. Bartley*, 156 N.C. App. 490, 502, 577 S.E.2d 319, 326 (2003) ("An unsupported statement by the State that an offender has eleven points, and thus is a record level IV, even if uncontested, does not rise to the level sufficient to meet the catchall provision found in N.C.G.S. § 15A-1340.14(f)(4)."); *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002) ("There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions.").

The State has not established that defendant stipulated to the prior convictions at issue, nor has it presented records pursuant to N.C.G.S. § 15A-1340.14(f) to prove the existence of the prior convictions. Therefore, the State did not meet its evidentiary burden under

the statute. *See State v. Spellman,* 167 N.C. App. 374, 392-93, 605 S.E.2d 696, 709 (2004) (remanding for resentencing because record was bare of any evidence or stipulation other than a worksheet), *disc. review denied,* 359 N.C. 325, 611 S.E.2d 845. Therefore, we remand for resentencing.

Defendant makes two additional arguments for resentencing. Specifically, defendant argues that the trial court erred in imposing an aggravated sentence when the aggravating factor on which the sentence was based required that defendant join "with *more than one* other person in committing the offense[,]" and defendant joined with only one other person. N.C. Gen. Stat. § 15A-1340.16(d)(2) (2003) (emphasis added). Defendant further argues that, for the trial court to use this aggravating factor for sentencing purposes, it must have first submitted the issue to the jury for the jury to find the aggravating factor beyond a reasonable doubt. *See Blakely v. Washington,* 542 U.S. ——, 159 L. Ed. 2d 403 (2004). However, because we remand for resentencing on other grounds, we do not reach the merits of these arguments.

II.

Defendant next argues that he is entitled to a new trial because the trial court erred in admitting evidence.

A.

**[2]** First, defendant argues that the trial court erred by permitting the State to read into evidence a laboratory report identifying the substance purchased by Officer McKinney as cocaine without the preparer of the report being available for cross-examination. The laboratory report confirmed that the substance purchased by Officer McKinney was .10 grams of cocaine. Officer McKinney, rather than the preparer of the report, read this report into evidence. Defendant argues that under the United States Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 158 L. Ed. 2d 177 (2004), such reading violated defendant's Sixth Amendment right to confront the witnesses against him. Specifically, defendant argues that the laboratory report was testimonial and improperly admitted into evidence because the report was not presented by its preparer, who was not deemed unavailable by the trial court, and because defendant did not have the opportunity to cross-examine the report's preparer. *See Crawford,* 541 U.S. at 68, 158 L. Ed. 2d at 203 ("Where testimonial evidence is at issue, . . . the Sixth Amendment demands

what the common law required: unavailability and a prior opportunity for cross-examination.").

Our Court has held that, in evaluating whether a defendant's right to confrontation has been violated, we must determine: "(1) whether the evidence admitted was testimonial in nature; (2) whether the trial court properly ruled the declarant was unavailable; and (3) whether defendant had an opportunity to cross-examine the declarant." *State v. Clark*, 165 N.C. App. 279, 283, 598 S.E.2d 213, 217, *disc. review denied*, 358 N.C. 734, 601 S.E.2d 866 (2004). However, we need not employ this analysis in the case before us because defendant explicitly waived his right to cross-examine the report's preparer.

Our Supreme Court has held that "the constitutional right of an accused to be confronted by the witness against him is a personal privilege, which [the accused] may waive even in a capital case." *State v. Moore*, 275 N.C. 198, 210, 166 S.E.2d 652, 660 (1969); *see also State v. Braswell*, 312 N.C. 553, 558, 324 S.E.2d 241, 246 (1985) ("The constitutional right of an accused *to be confronted by* the witnesses against him is a personal privilege which he may waive expressly or by a failure to assert it in apt time even in a capital case."); *State v. Hutchins*, 303 N.C. 321, 341-42, 279 S.E.2d 788, 801 (1981) ("[A] defendant may waive the benefit of constitutional guarantees by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it.").

In the present case, defense counsel offered to stipulate to the laboratory report at the beginning of defendant's trial. The trial court asked whether defense counsel was "stipulating that the report may be received into evidence, without further authentication or further testimony," and defense counsel answered in the affirmative. The trial court then confirmed defendant's stipulation through extensive questioning of defendant.

THE COURT: . . . You have the right to a trial, by a jury. And in that trial, by jury, you have the right to require that the state prove each and every element of the offenses beyond a reasonable doubt.

One of the . . . charges . . . is that the substance [sold to Officer McKinney] was an illegal drug. And, you can require that the state prove that it was . . . an illegal drug.

They may do that in one of several ways, such as calling laboratory witnesses and that kind of thing.

Your attorney has indicated that, on your behalf, she is willing to stipulate that the lab report that she's received, in the discovery, is accurate; and, that the substance was cocaine.

Did you understand her to say that?

[DEFENDANT]: Yes, sir.

THE COURT: And, are you agreeing that that stipulation is accurate and may be received by the Court?

[DEFENDANT]: Yes, sir.

THE COURT: And, do you understand, again, that you can require the state to prove this; that you don't have to stipulate to it?

[DEFENDANT]: Yes, sir.

THE COURT: Now, you, making this stipulation, voluntarily, without any threat or coercion against you?

[DEFENDANT]: Yes, sir.

THE COURT: All right. Do you have any questions about it, at all?

[DEFENDANT]: No, sir.

THE COURT: And, do you understand that this means that the state wouldn't have to call their chemist or laboratory person to come in and testify as to what the substance was; or, whether anything is in the report. That the jury will get to see the report, without that having to happen?

[DEFENDANT]: Yes, sir.

THE COURT: And, you are agreeing that that's all right?

[DEFENDANT]: Yes, sir.

THE COURT: Very well. Thank you, sir.

Then, let the record show that the defendant has, upon informed choice, exercise of free will, voluntarily agreed and stipulated that the laboratory report identifying the reported substance as cocaine, shall be received, without further authentification or, without requirement of expert testimony or otherwise.

The trial court's thorough inquiry ensured that defendant not only stipulated to the contents of the laboratory report but also under-

stood the nature of the question being put to him. Defendant clearly waived his Sixth Amendment right to confront the preparer of the laboratory report. We overrule this assignment of error.

B.

**[3]** Defendant next argues that the trial court erred by allowing Officer McKinney to testify that the neighborhood in which defendant was arrested had a reputation as a "heavy, heavy area for drug use and drug sales." Our Court has held that "[i]n North Carolina, the 'general rule is that in a criminal prosecution evidence of the reputation of a place or neighborhood is ordinarily inadmissible hearsay.'" *State v. Williams*, 164 N.C. App. 638, 639, 596 S.E.2d 313, 314 (2004) (quoting *State v. Weldon*, 314 N.C. 401, 408, 333 S.E.2d 701, 705 (1985)). For the reasons below, we agree with the State's arguments that this general rule does not mandate that defendant receive a new trial.

First, "[i]f a statement is offered for any purpose other than that of proving the truth of the matter asserted, it is not objectionable as hearsay." *State v. White*, 298 N.C. 430, 437, 259 S.E.2d 281, 286 (1979) (internal citations omitted); *see also State v. Walker*, 170 N.C. App. 632, 613 S.E.2d 330 (2005) (holding that statements made for purposes of corroboration rather than truth of the matter asserted are admissible under *Crawford v. Washington*). In the instant case, Officer McKinney's testimony regarding the neighborhood's reputation was prompted by a question by the State as to why Officer McKinney was in the neighborhood. This statement was offered to explain why Officer McKinney subsequently solicited drugs from a pedestrian in that neighborhood, and not as an assertion that the neighborhood was, in fact, known for its heavy drug traffic. Thus, the statement was not hearsay and was admissible.

Second, even were we to consider the statement to be inadmissible hearsay, "[e]rroneous admission of evidence may be harmless where there is an abundance of other competent evidence to support the state's primary contentions . . . or where there is overwhelming evidence of [the] defendant's guilt." *Weldon*, 314 N.C. at 411, 333 S.E.2d at 707; *see also State v. Stevenson*, 136 N.C. App. 235, 241, 523 S.E.2d 734, 737 (1999), *disc. review denied*, 351 N.C. 368, 543 S.E.2d 144 (2000) (citations omitted). In *Williams*, the defendant was in possession of what appeared to be cocaine but was in fact Goody's Headache Powder. A police officer testified that the incident took place in a "neighborhood known as an 'open air market for drugs.'"

*Williams,* 164 N.C. App. at 639, 596 S.E.2d at 314. Our Court considered the other evidence introduced during the trial and concluded that "there is a reasonable possibility that, had the erroneous reputation evidence not been admitted, the jury would have reached a different result at trial." *Id.* at 647, 596 S.E.2d at 319. We therefore remanded for a new trial. *Id.* However, in *Weldon,* a police officer found six grams of heroin in the defendant's house and testified at trial that the house "had a reputation as a place where illegal drugs could be bought or sold." *Weldon,* 314 N.C. at 402, 333 S.E.2d at 702. Our Supreme Court found that the trial court erred in admitting this testimony but concluded that its admission did not require a new trial due to the overwhelming evidence of the defendant's guilt (specifically, heroin was found in the defendant's house). *Id.* at 411, 333 S.E.2d at 707-08.

In the present case, the other evidence of defendant's guilt, including Officer McKinney's testimony about defendant's role in the drug sale, the laboratory analysis proving the substance was crack cocaine, and defendant's possession of a twenty dollar bill, is sufficiently overwhelming that there is not a reasonable possibility that exclusion of the reputation testimony could have resulted in a different verdict. Defendant's arguments for a new trial are without merit.

No error; remand for resentencing.

Judge BRYANT concurs.

Judge STEELMAN concurs with a separate opinion.

STEELMAN, Judge concurring.

I fully concur with the majority opinion in this case, but write separately because I believe defendant's appellate counsel should be sanctioned for presenting the argument discussed in section IIA of the opinion.

Appellate counsel has a duty to zealously and diligently represent his or her client. This is especially true when that client is a criminal defendant facing incarceration because of a conviction in the trial court. However, there are limits to zealous representation. Rule 34(a)(1) of the Rules of Appellate Procedure states that counsel may be sanctioned when "the appeal [is] not well grounded in fact and warranted by existing law or a good faith argument for the extension,

modification, or reversal of existing law." N.C. R. App. P. 34(a)(1) (2005). These strictures apply to each of the arguments made within an appellate brief.

In defendant's sixth assignment of error he asserts as error: "The Trial Court's failure to intervene *ex mero motu* when State's witness Officer McKinney read into evidence, and the State later introduced as Exhibit No. 4, the chemist's report regarding the analysis of the substance . . . ." This assignment of error concludes by stating, "To the extent this error is not otherwise preserved, defendant asserts plain error."

Appellant's counsel proceeds to argue for eight pages in the brief that the trial court's error violated defendant's constitutional right to confront a witness under the rationale of *Crawford v. Washington*, 541 U.S. 36, 61, 158 L. Ed. 2d 177, 199, (2004). Although defendant asserts plain error, appellant counsel fails to argue it in the brief. The argument ignores facts as set forth in the majority's opinion, which reveal that not only did defendant's trial counsel stipulate that the laboratory report could be received into evidence, but the trial judge had an extensive conversation with defendant to make certain he understood the ramifications of the stipulation. The trial judge went above and beyond what he was required to do to insure defendant's constitutional rights were fully protected. However, appellant's counsel completely ignores defendant's stipulation that "the report may be received into evidence without further authentication or further testimony." Appellate counsel never attempts to argue that the stipulation was somehow invalid, nor that trial counsel was ineffective in any manner.

The role of the appellate courts is to review and correct errors which actually occurred in the trial division. The function of an appellant's brief is to clearly and concisely bring those errors to the appellate court's attention, together with controlling authorities. It is not the function of an appellate brief to discuss intellectual and academic points of law that do not arise from the facts of the case being discussed.

I do not undertake the writing of the concurrence lightly. It was not my intent to discourage criminal appellate counsel from zealously representing their clients, but rather to emphasize that there are limits to what is acceptable conduct by counsel, even in criminal cases.

There was no basis in fact or law for the arguments asserted by appellate counsel for defendant pertaining to his sixth assignment of error. For these reasons, I believe this Court should impose sanctions upon counsel for the appellant.