DIETZ, Judge.
 

 *311
 
 Defendant Juan Carlos Gomez Perez appeals his convictions on multiple serious drug offenses. He argues that the trial court violated his Confrontation Clause rights and other related constitutional rights when the court permitted him to stipulate to the admission of a forensic laboratory report without first addressing him personally and ensuring that he understood the stipulation would waive those rights.
 

 As explained below, the trial court was not required to personally address Perez about his stipulation and corresponding waiver. Both Perez and his counsel signed the stipulation. It is for his counsel-not the trial court-to discuss the strategic implications of that stipulation and the effect is has on his right to confront the witnesses against him. If Perez did not understand the implications of the stipulation, his recourse is to pursue a claim for ineffective assistance of counsel. Accordingly, we find no error in the trial court's judgments.
 

 *312
 

 Facts and Procedural History
 

 The State indicted Defendant Juan Carlos Gomez Perez for conspiracy to traffic by possession of 400 grams or more of cocaine, trafficking by possession of 400 grams or more of cocaine, and trafficking by transportation of 400 grams or more of cocaine. The charges stemmed from a drug task force investigation that intercepted a truck containing multiple "bricks" of cocaine.
 

 *614
 
 At trial, the prosecutor informed the court that Perez intended to stipulate to admission of forensic laboratory reports confirming that the substance seized from the truck was cocaine. The following exchange occurred:
 

 THE COURT: Is there a written stipulation to that effect?
 

 [DEFENSE COUNSEL]: There is, Your Honor.
 

 THE COURT: Okay.
 

 [PROSECUTOR]: In retrospect, I should have included the signature line for the defendant.
 

 THE COURT: Go ahead and just write that in.
 

 [PROSECUTOR]: Alright.
 

 Brief pause
 

 [PROSECUTOR]: May I approach, Your Honor?
 

 THE COURT: Yes. Just a minute. So I have three exhibits.... They're not exhibits yet. They're unmarked stipulations, attached to each stipulation; there are a total of three. These are unmarked exhibits that indicates whatever the State is going to identify, whatever the potential exhibit will be admitted, is going to be admitted without requiring further authentication, if otherwise deemed admissible by the Court. So is there going to be an objection to any of this evidence?
 

 [DEFENSE COUNSEL]: No, sir.
 

 THE COURT: Okay.
 

 [DEFENSE COUNSEL]: My understanding is that we're talking about the drugs themselves and the absence of any latent fingerprint evidence on the packaging.
 

 *313
 
 THE COURT: One of them there is a U.S. Department of Justice Drug Enforcement Administration, DEA, dated March 10th, 2016, regarding the fact that there were no latent prints developed; another one is from the same agency, dated January 28, 2016, indicating 2,994 grams of cocaine were identified, whatever was analyzed, that's what was identified, and the weight. So it identified the substance being cocaine, and weight being what I just said it was. And finally, the last one is dated January 28, 2016, the same date as the last one. Again, it is the substance that was analyzed was identified as being cocaine, and then the weight of this is stated to be 5,995 grams.
 

 [DEFENSE COUNSEL]: That is correct.
 

 THE COURT: Then the State is going to then-how do you intend to offer these into evidence, just so there is no confusion?
 

 [PROSECUTOR]: At the appropriate time, Your Honor, with the Case Agent responsible ultimately for collecting the substances, I would move to introduce the stipulations at the same time as the physical evidence, and then move to publish the documents themselves.
 

 THE COURT: Mr. Baucino?
 

 [DEFENSE COUNSEL]: No objection.
 

 THE COURT: If you'll approach, at the appropriate time, please do so. I note that all the parties, both attorneys and the defendant have all signed each stipulation; again, there being a total of three stipulations, with the exhibits identified in cursory fashion attached to each stipulation.
 

 The trial court admitted the stipulated evidence later in the trial. The jury found Perez guilty on all charges. The court sentenced him to three consecutive sentences of 175 to 222 months in prison. Perez timely appealed.
 

 Analysis
 

 On appeal, Perez argues that the trial court erred by permitting him to stipulate to the admission of the forensic laboratory reports without engaging in a colloquy to ensure he understood the consequences of that decision. He contends that "a trial judge is required to personally address a defendant whose attorney seeks to waive any of his constitutional
 
 *314
 
 rights via stipulation with the State." As explained below, we reject this argument.
 

 We begin by acknowledging that Perez's stipulation acted as a waiver of his Confrontation Clause rights and other corresponding constitutional rights. Without the stipulation, the State would have been required to call a witness to discuss the lab reports. That witness could be cross-examined by Perez. Thus, by stipulating to the admission of the lab reports, Perez waived his right to cross-examine the State's witness.
 

 *615
 

 See
 

 State v. Moore
 
 ,
 
 275 N.C. 198
 
 , 210,
 
 166 S.E.2d 652
 
 , 660 (1969).
 

 But the waiver of Confrontation Clause rights does not require the sort of extensive colloquy needed to waive the right to counsel or enter a guilty plea.
 
 Cf.
 

 Boykin v. Alabama
 
 ,
 
 395 U.S. 238
 
 ,
 
 89 S.Ct. 1709
 
 ,
 
 23 L.Ed.2d 274
 
 (1969). Perez argues that our decision in
 
 State v. English
 
 ,
 
 171 N.C. App. 277
 
 , 283-84,
 
 614 S.E.2d 405
 
 , 409-10 (2005), imposed a requirement for trial courts to engage in a personal colloquy directly with the defendant before stipulating to the admission of evidence, but that is not what
 
 English
 
 holds. Instead,
 
 English
 
 simply reaffirmed that defendants can waive their Confrontation Clause rights by stipulating to the admission of evidence that otherwise would be admissible only when accompanied by live testimony.
 

 Id.
 

 To be sure, the trial court in
 
 English
 
 engaged in the sort of colloquy that Perez believes should be a constitutional requirement in every case. But
 
 English
 
 did not hold that this colloquy was necessary.
 

 Id.
 

 Indeed, in his concurrence in
 
 English
 
 , Judge Steelman suggested that the Court should have sanctioned the defendant's appellate counsel for asserting the Confrontation Clause argument because the trial court's colloquy "went above and beyond" what is required and rendered defendant's argument frivolous.
 
 Id.
 
 at 286,
 
 614 S.E.2d at 411
 
 .
 

 Here, both Perez and his counsel signed written stipulations to admit the lab reports without the requirement that they be accompanied by witness testimony. On appeal, this Court is not permitted to determine whether there were strategic reasons for Perez and his counsel to stipulate to the admission of this evidence, but there certainly are conceivable strategic reasons for doing so.
 
 See
 

 State v. Todd
 
 ,
 
 369 N.C. 707
 
 , 711-12,
 
 799 S.E.2d 834
 
 , 838 (2017). For example, the stipulation also ensured that the portion of the lab report showing there were no fingerprints on the bricks of cocaine was admissible. Likewise, Perez and his counsel may have been concerned that detailed testimony about the testing of this large amount of seized cocaine may have simply reinforced for the jury that this was a serious drug trafficking case.
 

 *315
 
 Notably, Perez does not argue that his counsel failed to discuss these strategic issues with him, or that his counsel failed to explain that stipulating to admission of the lab reports would waive his Confrontation Clause rights. Instead, he argues that the trial court should have discussed these issues with him in open court.
 

 We decline Perez's request to impose on the trial courts an obligation "to personally address a defendant whose attorney seeks to waive any of his constitutional rights via stipulation with the State." If Perez did not understand the implications of stipulating to the admission of the lab reports at trial, his recourse is to pursue a motion for appropriate relief asserting ineffective assistance of counsel. Accordingly, we reject Perez's argument and find no error in the trial court's judgments.
 

 NO ERROR.
 

 Judges DILLON and ARROWOOD concur.